Alan E. Schoenfeld
Ryan M. Chabot
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel. (212) 230-8800
Fax: (212) 230-8888
alan.schoenfeld@wilmerhale.com
ryan.chabot@wilmerhale.com

James L. Brochin
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
Phone: (212) 506-3900
Fax: (212) 506-3950
jbrochin@steptoe.com

Sarah D. Gordon (*pro hac vice pending*)
Anna M. Stressenger (*pro hac vice pending*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Phone: (202) 429-3000
Fax: (202) 429-3902
sgordon@steptoe.com

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BACK2HEALTH CHIROPRACTIC CENTER, LLC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>SENTINEL INSURANCE COMPANY, LTD.,<br>Defendant. | Case No. 2:20-cv-06717-JMV-MF<br><br><br>Motion Day: August 17, 2020<br><br><br>**Oral Argument Requested** |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SENTINEL'S MOTION TO DISMISS NATIONWIDE CLASS ACTION CLAIMS

## TABLE OF CONTENTS

**Page**

BACKGROUND ......................................................................................................1

ARGUMENT ..........................................................................................................2

    I.      Back2Health Lacks Standing To Pursue Nationwide Claims ....................3

    II.    This Court Lacks Personal Jurisdiction Over Sentinel For Back2Health's Claims Brought On Behalf Of Nonresident Class Members ......................8

CONCLUSION .....................................................................................................19

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Allen v. Wright*,
　468 U.S. 737 (1984) ............................................................................................3

*Ballentine v. United States*,
　486 F.3d 806 (3d Cir. 2007) ...............................................................................3

*Bristol-Myers Squibb Co. v. Superior Court of California*,
　137 S. Ct. 1773 (2017) ................................................................................*passim*

*Burger King Corp. v. Rudzewicz*,
　471 U.S. 462 (1985) .....................................................................................10, 18

*Carpenter v. PetSmart, Inc.*,
　_ F.3d _, 2020 WL 996947 (S.D. Cal. Mar. 2, 2020) ............................11, 17, 18

*Chernus v. Logitech, Inc.*,
　2018 WL 1981481 (D.N.J. Apr. 27, 2018) (Wolfson, J.)............................13, 16

*Chufen Chen v. Dunkin' Brands, Inc.*,
　2018 WL 9346682 (E.D.N.Y. Sept. 17, 2018), *aff'd*, 954 F.3d 492 (2d
　Cir. 2020) ..........................................................................................................13

*Cruson v. Jackson National Life Insurance Co.*,
　954 F.3d 240 (5th Cir. 2020) .............................................................................16

*Daimler AG v. Bauman*,
　571 U.S. 117 (2014)............................................................................................9

*DaimlerChrysler Corp. v. Cuno*,
　547 U.S. 332 (2006)..................................................................................3, 4, 6, 7

*Dzielak v. Whirlpool Corp.*,
　26 F. Supp. 3d 304 (D.N.J. 2014) (McNulty, J.) .............................................4, 5

*Federman v. Bank of America, N.A.*,
　2014 WL 12774688 (D.N.J. Dec. 16, 2014) (Pisano, J.)....................................6

ii

*FOCUS v. Allegheny County Court of Common Pleas*,
75 F.3d 834 (3d Cir. 1996) ................................................................................3

*General Engineering Corp. v. Martin Marietta Alumina, Inc.*,
783 F.2d 352 (3d Cir. 1986) ...............................................................................7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011)..............................................................................9, 14, 17

*Gress v. Freedom Mortgage Corp.*,
386 F. Supp. 3d 455 (M.D. Pa. 2019).............................................................12, 15

*Horowitz v. AT&T Inc.*,
2018 WL 1942525 (D.N.J. Apr. 25, 2018) (Martinotti, J.) ...............................13

*In re Dental Supplies Antitrust Litigation*,
2017 WL 4217115 (E.D.N.Y. Sept. 20, 2017) ....................................................14

*In re Dicamba Herbicides Litigation*,
359 F. Supp. 3d 711 (E.D. Mo. 2019) ...............................................................11

*In re Dr. Reddy's Laboratory Ltd. Securities Litigation*,
2019 WL 1299673 (D.N.J. Mar. 21, 2019) (Sheridan, J.)....................................7

*In re Ductile Iron Pipe Fittings (DIPF) Indirect Purchaser Antitrust Litigation*,
2013 WL 5503308 (D.N.J. Oct. 2, 2013) (Thompson, J.)....................................5

*In re FieldTurf Artificial Turf Marketing & Sales Practices Litigation*,
2019 WL 4957933 (D.N.J. Oct. 8, 2019) (Shipp, J.)...........................................7

*In re Magnesium Oxide Antitrust Litigation*,
2011 WL 5008090 (D.N.J. Oct. 20, 2011) (Debevoise, J.) .................................5

*In re U.S. Brass Corp.*,
110 F.3d 1261 (7th Cir. 1997) ............................................................................7

*In re Wellbutrin XL Antitrust Litigation*,
260 F.R.D. 143 (E.D. Pa. 2009)..........................................................................4

*Johnson Matthey Inc. v. Pennsylvania Manufacturers' Ass'n Insurance Co.*,
593 A.2d 367 (N.J. Super. Ct. App. Div. 1991) .................................................7

*Lewis v. Casey*,
    518 U.S. 343 (1996).................................................................................3

*Maclin v. Reliable Reports of Texas, Inc.*,
    314 F. Supp. 3d 845 (N.D. Ohio 2018) .............................................12

*McGuire v. BMW of North America, LLC*,
    2014 WL 2566132 (D.N.J. June 6, 2014) (Linares, J.) .......................5

*Metcalfe v. Renaissance Marine, Inc.*,
    566 F.3d 324 (3d Cir. 2009) ................................................................9

*Miller Yacht Sales, Inc. v. Smith*,
    384 F.3d 93 (3d Cir. 2004) ..................................................................9

*Molock v. Whole Foods Market Group, Inc.*,
    952 F.3d 293 (D.C. Cir. 2020) (Silberman, J., dissenting)..............13, 14, 15, 16

*Mussat v. IQVIA, Inc.*,
    953 F.3d 441 (7th Cir. 2020) .............................................................12

*O'Connor v. Sandy Lane Hotel Co.*,
    496 F.3d 312 (3d Cir. 2007) .........................................................10, 18

*O'Shea v. Littleton*,
    414 U.S. 488 (1974)............................................................................4

*Ponzio v. Mercedes-Benz USA, LLC*,
    __ F. Supp. 3d __, 2020 WL 1183733 (D.N.J. Mar. 11, 2020)
    (Rodriguez, J.).............................................................................4, 13

*Ramirez v. STi Prepaid LLC*,
    644 F. Supp. 2d 496 (D.N.J. 2009) (Wigenton, J.)...........................6, 7

*Roy v. FedEx Ground Package System, Inc.*,
    353 F. Supp. 3d 43 (D. Mass. 2018)...............................................12, 13

*Ruhlin v. New York Life Insurance Co.*,
    106 F.2d 921 (3d Cir. 1939) ...............................................................7

*Semeran v. Blackberry Corp.*,
    2016 WL 3647966 (D.N.J. July 6, 2016) (Vazquez, J.) ...............4, 5, 7

iv

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Insurance Co.*,
    559 U.S. 393 (2010) (plurality opinion) ............................................................13

*Simon v. Eastern Kentucky Welfare Rights Organization*,
    426 U.S. 26 (1976)....................................................................................................3

*Sotomayor v. Bank of America, N.A.*,
    377 F. Supp. 3d 1034 (C.D. Cal. 2019) ......................................................15, 16

*Warth v. Seldin*,
    422 U.S. 490 (1975)..................................................................................................4

*Wenokur v. AXA Equitable Life Insurance Co.*,
    2017 WL 4357916 (D. Ariz. Oct. 2, 2017)........................................................12

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980)................................................................................................18

*Zuehlsdorf v. FCA US LLC*,
    2019 WL 2098352 (C.D. Cal. Apr. 30, 2019) ...................................................12

## RULES

Fed. R. Civ. P. 23(a)(3) ..............................................................................................17

Fed. R. Civ. P. 23(a)(4) ..............................................................................................17

Fed. R. Civ. P. 23(c)(1)(A) ...........................................................................................2

Fed. R. Civ. P. 23(d)(1)(D) ...........................................................................................3

N.J. Ct. R. 4:4-4(c).......................................................................................................9

## OTHER AUTHORITIES

2 WILLIAM RUBENSTEIN, NEWBERG ON CLASS ACTIONS (5th ed.)..............13, 14, 16

Back2Health Chiropractic Center, LLC has brought suit against Sentinel Insurance Company to enforce an insurance policy that Back2Health reads to cover lost business income stemming from COVID-19, the disease caused by the novel coronavirus, SARS-Cov-2.[1]

Back2Health also seeks to represent a nationwide class of Sentinel insureds. But there is a problem:  Back2Health is a New Jersey company operating only in New Jersey, suing under a New Jersey insurance policy.  Back2Health lacks standing and this Court lacks personal jurisdiction over Sentinel with respect to Back2Health's claims on behalf of insureds in other States under the law of other States.  Sentinel therefore moves to dismiss Back2Health's nationwide claims under Federal Rule of Civil Procedure 12(b)(1) and (b)(2).

## BACKGROUND

Back2Health is a New Jersey limited liability company with its principal place of business in Fair Lawn, New Jersey.  Compl. ¶ 7.  Sentinel is allegedly a Connecticut company with its principal place of business in Hartford, Connecticut. Compl. ¶ 9.  Back2Health alleges that Sentinel issued it commercial property insurance that covers loss or damage to its New Jersey premises, including for business interruption.  *See* Compl. ¶¶ 12-19, 42.  Back2Health claims that this

---

[1]     Back2Health filed a notice of voluntary dismissal as to former defendant Hartford Financial Services Group, Inc. on July 13, 2020 (ECF No. 5), which the Court entered on July 14, 2020 (ECF No. 6).

policy covers its losses from COVID-19 and, alleging that Sentinel wrongly denied coverage, it brings causes of action for declaratory judgment and breach of contract.

Back2Health does not claim to have any operations outside of New Jersey, and it alleges no interaction with Sentinel outside of New Jersey. And Back2Health is the only plaintiff—the complaint does not identify other putative class representatives outside of New Jersey, or any contacts inside the State of New Jersey between out-of-State class members and Sentinel. Back2Health nevertheless seeks to bring claims for breach of contract and for declaratory judgment on behalf of a nationwide class. *See* Compl. ¶¶ 46-47, 60-90.

## ARGUMENT

The Court should dismiss the nationwide class claims for two reasons. *First*, Back2Health lacks standing to pursue claims under other States' laws on behalf of out-of-State policyholders who have had no contact with Sentinel in New Jersey. *Second*, the Court does not have personal jurisdiction over Sentinel with respect to Back2Health's claims purportedly on behalf of out-of-State class members, since Sentinel is not subject to New Jersey's general jurisdiction and there is no specific jurisdiction as to claims with no connection to New Jersey. The nationwide class claims should therefore be dismissed under Rule 12(b)(1) and (b)(2). *See also* Fed. R. Civ. P. 23(c)(1)(A) ("At an early practicable time after a person sues or is sued

2

as a class representative, the court must determine by order whether to certify the action as a class action."), (d)(1)(D) ("[T]he court may issue orders that … require that the pleadings be amended to eliminate allegations about representation of absent persons.").

## I.    Back2Health Lacks Standing To Pursue Nationwide Claims

Back2Health has no standing to represent the interests of putative class members that contracted with Sentinel outside of New Jersey.  "A motion to dismiss for want of standing is … properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter."  *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).  As the "party invoking federal jurisdiction," it is Back2Health that "bears the burden of establishing the elements of standing."  *FOCUS v. Allegheny Cty. Ct. of Com. P.*, 75 F.3d 834, 838 (3d Cir. 1996).

The Supreme Court's "standing cases confirm that a plaintiff must demonstrate standing for each claim he seeks to press."  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).  The Court has explained that "the standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of *the particular claims* asserted."  *Allen v. Wright*, 468 U.S. 737, 752 (1984) (emphasis added).  And the fact "[t]hat a suit may be a class action … adds nothing to the question of standing."  *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (quoting *Simon v.*

3

*E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976)).  A named class "plaintiff still must allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants."  *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *see also O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." (citations omitted)).  And, again, this requirement applies "for *each* claim" that a named plaintiff "seeks to press." *DaimlerChrysler*, 547 U.S. at 352 (emphasis added).  "Standing in the context of class actions remains a claim by claim prerequisite."  *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 151-152 (E.D. Pa. 2009).

Under this precedent, a named plaintiff "may bring state law claims only under the law of the state where he or she lived and the alleged injury occurred." *Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 332 (D.N.J. 2014) (McNulty, J.). As this Court has explained, "courts in this Circuit have held that the plaintiff does not have standing to assert claims under the laws of states in which he does not reside."  *Semeran v. Blackberry Corp.*, 2016 WL 3647966, at *6 (D.N.J. July 6, 2016) (Vazquez, J.).[2]  In *Semeran*, this Court confronted a named plaintiff seeking

---

[2]      *See also Ponzio v. Mercedes-Benz USA, LLC*, __ F. Supp. 3d __, 2020 WL 1183733, at *14 (D.N.J. Mar. 11, 2020) (Rodriguez, J.) (holding that plaintiffs "lack standing to assert claims on behalf of unnamed plaintiffs in jurisdictions

to assert a New Jersey common-law claim for breach of implied warranty on behalf of a class of cellphone purchasers in 31 states (plus a New Jersey only subclass). *Id.* at *1. The defendant argued that the multistate class claims must be dismissed for lack of standing. *Id.* This Court agreed, holding that "because Plaintiff is not a member of the class of thirty-one states, he cannot prosecute claims on behalf of those in that class." *Id.* at *6. Thus, it dismissed the claims purportedly brought on behalf of the multistate class. *Id.*

"The reason for this approach should be clear." *Dzielak*, 26 F. Supp. 3d at 332 n.18. "If this were not the case, a 'plaintiff would be able to bring a class action complaint under the laws of nearly every state in the Union without having to allege concrete, particularized injuries relating to those states, thereby dragging defendants into expensive nationwide class discovery, potentially without a good-faith basis.'" *Id.* (quoting *In re Magnesium Oxide Antitrust Litig.*, 2011 WL 5008090, at *10 (D.N.J. Oct. 20, 2011) (Debevoise, J.)). "This reasoning rings particularly true here, where Plaintiff is alleging breach of contract … claims in

---

where Plaintiffs have suffered no alleged injury"); *McGuire v. BMW of N. Am., LLC*, 2014 WL 2566132, at *6 (D.N.J. June 6, 2014) (Linares, J.) ("Plaintiff here lacks standing to assert claims under the laws of the states in which he does not reside, or in which he suffered no injury."); *In re Ductile Iron Pipe Fittings (DIPF) Indirect Purchaser Antitrust Litig.*, 2013 WL 5503308, at *11 (D.N.J. Oct. 2, 2013) (Thompson, J.) ("After reviewing the different approaches, this Court agrees that named plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury.").

literally every state in the Union." *Federman v. Bank of Am., N.A.*, 2014 WL 12774688, at *11 (D.N.J. Dec. 16, 2014) (Pisano, J.) (holding that a New Jersey plaintiff whose "injury has no causal relation to the other 49 states, nor do the laws of the other 49 states provide redress … lacks standing to bring claims for breach of contract … under the laws of any other state").

Other decisions in this District have declined to consider a named plaintiff's standing to bring all claims on a motion to dismiss, but they are far less persuasive. This line of cases appears to begin with *Ramirez v. STi Prepaid LLC*, 644 F. Supp. 2d 496 (D.N.J. 2009) (Wigenton, J.). There, the court held that "named representative plaintiffs initially need only establish that they individually have standing to bring their claims," calling "the fact that the named Plaintiffs may not have individual standing to allege [claims] in states other than [their own]" both "immaterial" and "an issue to be resolved at the class certification stage." *Id.* at 504-505.

*STi Prepaid* fails to recognize, however, that "a plaintiff must demonstrate standing for *each claim* he seeks to press." *DaimlerChrysler*, 547 U.S. at 352 (emphasis added). A plaintiff like Back2Health that wants to press claims under the laws of fifty States must have standing to do so—those *are* its "individual claims." *STi Prepaid*, 644 F. Supp. 2d at 505. If Back2Health is not pressing those out-of-State claims, then no one is—Back2Health is the only named plaintiff.

6

*STi Prepaid* never cited *DaimlerChrysler* or any other of the Supreme Court's standing cases that "confirm" this principle.  *DaimlerChrysler*, 547 U.S. at 352; *see supra* at 3-4.  But *STi Prepaid*'s conclusion—although at odds with Supreme Court precedent—then influenced future cases.  *See, e.g.*, *In re FieldTurf Artificial Turf Mktg. & Sales Practices Litig.*, 2019 WL 4957933, at *3 (D.N.J. Oct. 8, 2019) (Shipp, J.); *In re Dr. Reddy's Lab. Ltd. Sec. Litig.*, 2019 WL 1299673, at *12 (D.N.J. Mar. 21, 2019) (Sheridan, J.).  This Court should reject that mistaken approach, as it did in *Semeran v. Blackberry Corp*.

Instead, properly applying Supreme Court precedent shows that Back2Health has no standing to represent the interests of out-of-State putative class members.  Back2Health exists in one State and purchased insurance from Sentinel in one State: New Jersey.  The claims that any nonresident putative class members may have arise under the laws of the States governing their particular contracts.  After all, a "claimed right to insurance coverage is a creation of state contract law."  *In re U.S. Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997); *see also Gen. Eng'g Corp. v. Martin Marietta Alumina, Inc.*, 783 F.2d 352, 356 (3d Cir. 1986) ("The construction of contracts is usually a matter of state … common law."); *Ruhlin v. N.Y. Life Ins. Co.*, 106 F.2d 921, 923 (3d Cir. 1939) (noting the "general rule that the construction of an insurance contract is governed by the law of the state"); *Johnson Matthey Inc. v. Pa. Mfrs.' Ass'n Ins. Co.*, 593 A.2d 367,

371 (N.J. Super. Ct. App. Div. 1991) (noting that if an insured party has locations "in 50 states" then "its policy would cover … liabilities in 50 states … under 50 different bodies of law," and thus "the same nationwide policy language may mean different things to different states of contracting"). If Sentinel has breached another State's contract law—which Sentinel denies—Back2Health has suffered no harm from it. Back2Health thus has no standing to assert common-law claims for breach of contract (or seek declaratory relief as to the meaning of contracts) under the laws of States for which it has no connection and for alleged breaches that have caused it no harm.

## II.   This Court Lacks Personal Jurisdiction Over Sentinel For Back2Health's Claims Brought On Behalf Of Nonresident Class Members

Back2Health's lack of standing suffices as a basis to dismiss the nationwide class claims. The absence of personal jurisdiction supplies a second, independent basis for the same relief. This Court's personal jurisdiction over Sentinel derives from its specific contacts with the forum—that is, its policy insuring Back2Health's New Jersey business. Sentinel does not contest the Court's personal jurisdiction over it for the claims of New Jersey policyholders like Back2Health. But this Court has no personal jurisdiction over Sentinel for claims with no connection to the State of New Jersey.

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), the

8

plaintiff bears the burden to demonstrate that personal jurisdiction exists.  *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009).  The law of the forum State and federal due process set the limits for this Court's exercise of personal jurisdiction—a single inquiry here, since "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Ct. R. 4:4-4(c)).  Personal jurisdiction over a defendant may be "general or all-purpose jurisdiction" or "specific or case-linked jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

General jurisdiction—by which a defendant is subject to *any* suit—exists only where a defendant is "essentially at home."  *Goodyear*, 564 U.S. at 919.  For "a corporation, the place of incorporation and principal place of business" are the paradigmatic locations.  *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  Otherwise, to be subject to general jurisdiction, a corporation's contacts must be "so 'continuous and systematic' as to render them essentially 'at home' in the forum state."  *Id.* at 139.  Sentinel is incorporated and has its principal place of business outside New Jersey, *see* Compl. ¶ 9, and Back2Health alleges no contacts by Sentinel with New Jersey other than Back2Health's own insurance policy.  So this Court does not have general jurisdiction over Sentinel.

Specific jurisdiction, on the other hand, applies only to claims that arise out

of or relate to the defendant's contacts purposefully directed at the forum and only when it "comport[s] with fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985); *see also O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). For instance, this Court has specific jurisdiction over Sentinel for claims arising out of New Jersey insurance contracts, like Back2Health's own policy and those of other New Jersey insureds.

Not so, however, for the claims that Back2Health purportedly asserts on behalf of unnamed putative class members *outside* New Jersey. This Court cannot exercise jurisdiction over Sentinel for claims of nonresident putative class members with no adequate link to New Jersey. This conclusion follows from the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017). That case held that a California court could not exercise specific jurisdiction in a mass tort action over a defendant for claims by nonresident plaintiffs with no "adequate link" to the State of California—even if "*other* plaintiffs … who reside in California … can bring claims similar to those brought by the nonresidents." *Id.* at 1781. This means that *each* claim must arise from a defendant's forum-related activities—and it does not matter whether specific jurisdiction exists for a different claim. *See id.* at 1783.

The same logic that precluded specific jurisdiction over Bristol-Myers for claims by nonresident plaintiffs applies here. "What is needed—and what is

10

missing here—is a connection between the forum and the specific claims at issue." *Bristol-Myers*, 137 S. Ct. at 1781.  There is no connection between the specific claims that Back2Health attempts to assert on behalf of non-New Jersey putative class members and the State of New Jersey—by definition, those claims are not by New Jersey companies, are not based on New Jersey insurance law, and are not disputing coverage for New Jersey businesses.  "The mere fact that" Back2Health obtained an insurance policy in New Jersey—"and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims."  *Id.*

For good reason, then, courts have held that they lack personal jurisdiction over a defendant for claims with no connection to the forum State brought by a resident named plaintiff on behalf of nonresident unnamed putative class members. "Members of a nation-wide class action, aside from those class members from [the forum State], do not have a connection between the forum and the specific claims at issue."  *In re Dicamba Herbicides Litig.*, 359 F. Supp. 3d 711, 724 (E.D. Mo. 2019).  Thus, spraying pesticides on Missouri soybeans does not grant specific jurisdiction over claims based on other States' crops.  *Id.*  Or buying animal habitats in California does not permit "specific jurisdiction over nationwide class claims related to out of state purchases."  *Carpenter v. PetSmart, Inc.*, _ F.3d _,

2020 WL 996947, at *5 (S.D. Cal. Mar. 2, 2020).[3]  Just so here:  Under *Bristol-Myers*, Sentinel's coverage decision on a New Jersey company's New Jersey insurance policy covering its New Jersey business cannot support specific jurisdiction over claims with no connection to New Jersey.

On the other hand, the courts that have distinguished *Bristol-Myers* have relied on facial rather than substantive distinctions.  For instance, some courts have refused to apply *Bristol-Myers* to a class action because that case concerned a mass action.  *See, e.g.*, *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 443 (7th Cir. 2020) (holding that *Bristol-Myers* does not apply to "a nationwide class action filed in federal court under a federal statute"); *Gress v. Freedom Mortg. Corp.*, 386 F. Supp. 3d 455, 465 (M.D. Pa. 2019).

But the reasoning of *Bristol-Myers* applies equally to a class action.  Courts have widely rejected that distinction for claims by nonresident named plaintiffs,

---

[3]    *See also, e.g.*, *Zuehlsdorf v. FCA US LLC*, 2019 WL 2098352, at *15 (C.D. Cal. Apr. 30, 2019) (dismissing "the class allegations as to the class members whose claims have no nexus with California"); *Wenokur v. AXA Equitable Life Ins. Co.*, 2017 WL 4357916, at *4 n.4 (D. Ariz. Oct. 2, 2017) (noting that the court "lacks personal jurisdiction over the claims of putative class members with no connection to Arizona").  *Cf. Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 58 (D. Mass. 2018) (holding in Fair Labor Standards Act case that the failure to pay overtime in one State does not give rise to "personal jurisdiction over the claims of potential opt-in plaintiffs who do not work … in [that State]"); *Maclin v. Reliable Reports of Tex., Inc.*, 314 F. Supp. 3d 845, 850 (N.D. Ohio 2018) (same).

holding that *Bristol-Myers* does apply to their individual claims in a class action.[4]

That conclusion is correct for claims asserted on behalf of nonresident *unnamed*

plaintiffs as well.  Like a mass action, a class action is "a species" of "traditional

joinder," which "merely enables a federal court to adjudicate claims of multiple

parties at once, instead of in separate suits."  *Shady Grove Orthopedic Assocs.,*

*P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 408 (2010) (plurality opinion).  "A court

that adjudicates claims asserted on behalf of others in a class action exercises

coercive power over a defendant just as much as when it adjudicates claims of

named plaintiffs in a mass action."  *Molock v. Whole Foods Mkt. Grp., Inc.*, 952

F.3d 293, 307 (D.C. Cir. 2020) (Silberman, J., dissenting); *see also* 2 WILLIAM

RUBENSTEIN, NEWBERG ON CLASS ACTIONS ("NEWBERG") § 6:25 n.5.50 (5th ed.)

("A putative class representative seeking to hale a defendant into court to answer to

the class must have personal jurisdiction over that defendant just like any

individual litigant must.").  And *Bristol-Myers* made clear that due process requires

---

[4]      *See, e.g.*, *Ponzio*, 2020 WL 1183733, at *8; *Chernus v. Logitech, Inc.*, 2018
WL 1981481, at *5-6 (D.N.J. Apr. 27, 2018) (Wolfson, J.); *Horowitz v. AT&T Inc.,*
2018 WL 1942525, at *15 (D.N.J. Apr. 25, 2018) (Martinotti, J.); *see also Roy*,
353 F. Supp. 3d at 56-57 ("District courts generally have extended the specific
jurisdiction principles articulated in *Bristol-Myers* to the analysis of personal
jurisdiction over named plaintiffs in federal class actions.") (collecting cases);
*Chufen Chen v. Dunkin' Brands, Inc.*, 2018 WL 9346682, at *5 (E.D.N.Y. Sept.
17, 2018) (explaining that applying *Bristol-Myers* to "each named plaintiff in a
purported class action … comports with the weight of district court authority on
the subject") (collecting cases), *aff'd*, 954 F.3d 492 (2d Cir. 2020).

personal jurisdiction over a defendant for "the specific claims at issue," 137 S. Ct. at 1781—which here includes Back2Health's claims on behalf of nonresident putative class members.  *See* NEWBERG § 6:26 (noting that "a proposed class-wide [judgment] triggers a defendant's right to class-wide due process, that is, its right to ensure the requisite territorial connection between it and the court as to the full scope of its liability").

Thus, the reasoning of *Bristol-Myers* did not turn on the procedural nuances of a California mass action—it is a *constitutional* case.  The Court tested an exercise of "the State's coercive power" for "compatibility with the Fourteenth Amendment's Due Process Clause."  137 S. Ct. at 1779 (quoting *Goodyear*, 564 U.S. at 918).  Rule 23 does not and cannot abrogate the due process rights of defendants—a class action "is not a license for courts to enter judgments on claims over which they have no power."  *Molock*, 952 F.3d at 307 (Silberman, J., dissenting); *see also In re Dental Supplies Antitrust Litig.*, 2017 WL 4217115, at *9 (E.D.N.Y. Sept. 20, 2017) ("The constitutional requirements of due process do[] not wax and wane when the complaint is individual or on behalf of a class. Personal jurisdiction in class actions must comport with due process just the same as any other case."); NEWBERG § 6:26 ("If the class prevails in the case, the goal is a binding judgment over the defendant as to the claims of the entire nationwide class—and the deprivation of the defendant's property accordingly.").

14

In deciding otherwise, courts have cited two differences between a mass action and a class action. *See, e.g.*, *Gress*, 386 F. Supp. 3d at 465; *Sotomayor v. Bank of Am., N.A.*, 377 F. Supp. 3d 1034, 1038 (C.D. Cal. 2019). First, "a plaintiff in a mass tort action is named as a plaintiff, making each 'a real party in interest.'" *Id.*; *see also Gress*, 386 F. Supp. 3d at 465. Second, "Federal Rule of Civil Procedure 23 imposes additional due process safeguards on class actions that do not exist in the mass tort context." *Sotomayor*, 377 F. Supp. 3d at 1038. Respectfully, neither of those facial differences adequately distinguishes the application of *Bristol-Myers*'s constitutional holding to class actions.

*First*, focusing on the party status of absent class members misapprehends the inquiry. By this motion, Sentinel seeks dismissal of the nationwide class claims of the named plaintiff, Back2Health. Sentinel does not seek "to dismiss nonresident putative class members; it move[s] to dismiss the named plaintiffs' claim to represent those putative class members." *Molock*, 952 F.3d at 303 (Silberman, J., dissenting). Put otherwise, this motion "is challenging the *named plaintiffs'* alleged entitlement *to bring* those claims on behalf of the putative class members." *Id.* at 302 (emphasis original). "The putative class members' claims are nominally present in the case, … even if the class members themselves are not." So whether nonresidents are actual parties in interest in a mass action or unnamed plaintiffs in a precertification putative class action does not affect the

Court's application of *Bristol-Myers* to the *claims* brought on nonresidents' behalf—the claims that Sentinel moves to dismiss.

In addition, since nonresidents' party status does not affect the personal jurisdiction analysis, this issue should be resolved now rather than delayed until class certification, as some courts have done. *See, e.g.*, *Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 250 (5th Cir. 2020); *Molock*, 952 F.3d at 296; *Chernus v. Logitech, Inc.*, 2018 WL 1981481, at *7-8 (D.N.J. Apr. 27, 2018) (Wolfson, J.). When "a named plaintiff's claim of entitlement to represent a class is defective as a matter of law, for example, because the court would lack personal jurisdiction over the defendant with respect to class claims, a defendant's motion to dismiss or narrow the representative claim on those grounds is not premature." *Molock*, 952 F.3d at 303 (Silberman, J., dissenting); *see also* NEWBERG § 6:26 n.29 (noting that "regardless of how a court resolves the 'party' question, the fact remains that the goal of the nationwide class action is to disgorge nationwide relief from the defendant in the instant forum").

*Second*, Rule 23's procedural requirements cannot and do not substitute for the constitutional due-process protections owed defendants. *See Sotomayor*, 377 F. Supp. 3d at 1038. "[T]he procedural safeguards of Rule 23 are meant primarily to protect the absent class members," not "to favor or protect defendants"—which "is reflected in the fact that defendants almost always vigorously oppose class

16

certification." *PetSmart*, 2020 WL 996947, at *6.  Rule 23 "protect[s] the interests *of the class*" by requiring "representative parties" who have claims "typical of the claims … of the class."  Fed. R. Civ. P. 23(a)(3)-(4) (emphasis added).  But common questions and typical claims alone cannot justify "expos[ing] defendants to the State's coercive power."  *Bristol-Myers*, 137 S. Ct. at 1779 (quoting *Goodyear*, 564 U.S. at 918).  Similarity between a resident named plaintiff's individual claim and its claims asserted on behalf of unnamed nonresident plaintiffs might (or might not) satisfy Rule 23, but it does not empower a court to exercise jurisdiction over a nonresident defendant for the latter claims.  That is the very mistake that the State of California made in *Bristol-Myers*, where it exercised personal jurisdiction merely "because the claims of the nonresidents were similar in several ways to the claims of the California residents."  *Id.*  Explaining that it "is an insufficient basis for jurisdiction" that "third parties (here, the plaintiffs who reside in California) can bring claims similar to those brought by the nonresidents," *id.* at 1781, the Supreme Court corrected that error.  Courts applying *Bristol-Myers* should not repeat it.

Since Back2Health's claims on behalf of nonresident putative class members do not arise out of or relate to activities that Sentinel purposefully directed at the State of New Jersey, the Court lacks specific jurisdiction and need not consider whether jurisdiction would comport with fair play and substantial justice.  *See*

*O'Connor*, 496 F.3d at 317.  But this consideration too counsels against exercising specific jurisdiction.  On this front, "the 'primary concern' is the burden on the defendant." *Bristol-Myers*, 137 S. Ct. at 1780 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).  And, as courts have recognized, the "burden … to defend a nationwide class action is significantly greater than the burden of defending an individual claim or a statewide class action." *PetSmart*, 2020 WL 996947, at *5.  On the other hand, "the forum State's interest in adjudicating the dispute" between nonresident putative class members and Sentinel is nonexistent—those unnamed plaintiffs have insurance policies under other States' laws insuring businesses in other States with Sentinel, a nonresident defendant. *Burger King*, 471 U.S. at 477.  The State of New Jersey's interest will be entirely vindicated by adjudicating the New Jersey claims of Back2Health.  And Back2Health's "interest in obtaining convenient and effective relief" will also be wholly protected, because Back2Health itself is entitled to *no* relief for the out-of-State claims it allegedly brings for nonresident unnamed class members. *Id.*  Last, it would not serve "the interstate judicial system's interest in obtaining the most efficient resolution of controversies" (*id.*) to permit Back2Health to expand this narrow dispute—between a nonresident insurer and New Jersey policyholder over the meaning of a New Jersey insurance policy insuring a New Jersey business— with its claims purportedly on behalf of unnamed plaintiffs across the country.

18

Finally, whether this Court has personal jurisdiction over Sentinel for Back2Health's claims on behalf of nonresidents is an issue to be resolved now. This case is one of many individual actions, putative statewide class actions, and putative nationwide class actions currently pending in 14 States and the District of Columbia that concern COVID-19 coverage under insurance policies issued by Sentinel (or related entities) under the laws of those States.  Insureds outside New Jersey are pursuing their claims in their home States.  There is no benefit to allowing non–New Jersey claims to linger in this case through class-certification briefing—and expansive, burdensome, and ultimately irrelevant nationwide class discovery—when those claims can be and are being more appropriately and efficiently litigated elsewhere.  Nor do policyholders in California, Florida, or elsewhere benefit from having their contract claims under their States' laws asserted by Fair Lawn chiropractors in a far-off forum—rather than in individual actions or putative statewide class actions in their home States.

This issue is, therefore, properly considered at this stage.  And it is properly resolved under *Bristol-Myers*, which requires that Back2Health's claims purportedly asserted on behalf of nonresident unnamed class members be dismissed for lack of personal jurisdiction.

## CONCLUSION

For these reasons, Back2Health's claims purportedly brought on behalf of a

nationwide class should be dismissed for lack of standing and personal jurisdiction.

Dated:  July 17, 2020

Respectfully submitted,

*/s/ Alan E. Schoenfeld*
Alan E. Schoenfeld
Ryan M. Chabot
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel. (212) 230-8800
Fax: (212) 230-8888
alan.schoenfeld@wilmerhale.com

STEPTOE & JOHNSON LLP

James L. Brochin
1114 Avenue of the Americas
New York, NY 10036
Phone: (212) 506-3900
Fax: (212) 506-3950
jbrochin@steptoe.com

Sarah D. Gordon (*pro hac vice pending*)
Anna M. Stressenger (*pro hac vice pending*)
1330 Connecticut Avenue NW
Washington, DC 20036
Phone: (202) 429-3000
Fax: (202) 429-3902
sgordon@steptoe.com

*Attorneys for Defendant*